UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Van Allen Love, #96024-071 ) | C/A No. 4:10-1691-RMG-TER |
| ) | |
| Petitioner, ) | |
| ) | REPORT AND |
| vs. ) | RECOMMENDATION |
| ) | |
| Mildred L. Rivera, ) | |
| ) | |
| Respondent. ) | |

The petitioner, Van Allen Love ("Petitioner"), proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2241 for habeas relief.[1] Petitioner is an inmate at a Federal Correctional Institution ("FCI") in Estill, South Carolina, a facility of the Federal Bureau of Prisons ("BOP"). Petitioner seeks to vacate the federal conviction under which he is currently incarcerated. This action should be summarily dismissed because it is clear from the petition, with attachments, that the relief requested is not available pursuant to § 2241.

## *PRO SE* HABEAS REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* habeas petition filed in this case. The review was conducted pursuant to the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). This court is charged with screening Petitioner's habeas petition and attachments to determine if "it

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court.

plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts. *See also* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

This court is required to construe *pro se* petitions liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (A document filed *pro se* is to be liberally construed.). Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978). When a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true, *Hughes*, 449 U.S. at 9, but the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). The petition submitted in this case, even under this less stringent standard, is subject to summary dismissal.

### **BACKGROUND**

Petitioner pled guilty in this Court on March 9, 2000, to conspiracy to posses with intent to distribute cocaine base. He was sentenced to 323 months imprisonment and ten years of supervised release. *U.S. v Love*, 0:99-cr-573-JFA. The United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") affirmed his conviction and sentence on January 17, 2003. *U.S. v Love*, Opinion No. 00-4452 (4th Cir. January 17, 2003)(unpublished). On April 26, 2004, Petitioner filed a § 2255

motion, which was denied on June 22, 2005. *U.S. v. Love*, C/A No. 0:04-1300-JFA. A certificate of appealability was denied by the Fourth Circuit. Petitioner also filed a motion pursuant to Rule 60(b) claiming fraud, misrepresentation or other misconduct, which was denied on January 29, 2008. *Id.* Petitioner also filed a motion pursuant to Rule 59(e), to reconsider denial of the Rule 60(b) motion, which was denied February 25, 2008. *Id.* The Fourth Circuit denied a certificate of appealability on May 2, 2008. Petitioner again filed a motion under 28 U.S.C. § 2255 on May 27, 2008, which he subsequently moved to withdraw on June 4, 2008, and his motion to withdraw was granted on September17, 2008. *U.S. v. Love*, C/A No. 0:08-70056-JFA. Petitioner filed a Motion to Correct Sentence under Rule 35(a) of the Federal Rules of Criminal Procedure on June 9, 2008, which he subsequently moved to withdraw on July 7, 2008, and that was granted on August 26, 2008. Petitioner filed a motion on March 31, 2009, for reduction of his sentence based on retroactive revisions to the sentencing guidelines. On April 7, 2009, Petitioner's sentence was reduced to 240 months from 323 months. On August 10, 2009, the Fourth Circuit denied Petitioner's motion to file a second or successive § 2255 motion in the sentencing court. Petitioner now files a § 2241 habeas petition seeking to "vacate conviction."

## **DISCUSSION**

Prior to enactment of 28 U.S.C. § 2255, the only way a federal prisoner could collaterally attack a federal conviction was through a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See Triestman v. United States*, 124 F.3d 361, 373 (2nd Cir. 1997). In 1948, Congress enacted § 2255, a new postconviction remedy in the sentencing court, as a substitute for the traditional habeas corpus remedy. *Swain v. Pressley*, 430 U.S. 372, 377-78 (1977). The § 2241 habeas remedy is now very limited for federal prisoners challenging their conviction and sentence,

and is confined to the § 2255 savings clause. 28 U.S.C. § 2255(e). Only when a § 2255 motion is "inadequate or ineffective" to test the legality of a prisoner's detention, may § 2241 be used to seek a remedy. *Id.*; *See In re Dorsainvil*, 119 F.3d 245, 249 (3rd Cir. 1997).

Petitioner makes no argument that § 2255 is inadequate or ineffective to test the legality of his detention and that under the savings clause of § 2255 Petitioner can now file a motion pursuant to 28 U.S.C. § 2241. The savings clause is not satisfied merely because a petitioner's prior § 2255 motion was unsuccessful, or if a petitioner is unable to meet the requirements to file a successive § 2255. *See In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000)("It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision."). The Fourth Circuit's denial of Petitioner's requests for a certificate of appealability does not render the § 2255 remedy inadequate or ineffective. *See In Re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997)(*en banc*)(the § 2255 remedy is not inadequate or ineffective based simply on inability to obtain relief under § 2255). However, "[t]here must exist some circumstance in which resort to § 2241 would be permissible; otherwise, the savings clause itself would be meaningless." *In re Jones*, 226 F.3d at 333. The *Jones* Court concluded that:

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*Jones*, 226 F.3d at 333-34. Petitioner's circumstances do not meet the *Jones* requirements. Petitioner fails to establish that § 2255 is inadequate and ineffective to test the legality of his detention.

4

In the case herein, a petition under § 2241 is only available if § 2255 is inadequate or ineffective. Petitioner has not established that a § 2255 motion is "inadequate or ineffective to test the legality of his detention," which would allow him to proceed under § 2241. Petitioner's § 2241 petition should be dismissed.

## **RECOMMENDATION**

It is recommended that the habeas petition in this case be dismissed without prejudice and without requiring a response from the respondent. **The petitioner's attention is directed to the important notice on the next page.**

s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

September 16, 2010  
Florence, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).